No. 13-3782

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

**SEAN REEVES, by his parents and next best friends, JOHN and DIANA REEVES, Court appointed Guardians of a Disabled Person, Plaintiff-Appellant,**

v.

**JEWEL FOOD COMPANIES, Defendant-Appellees**

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
### CASE NO. 12 CV 06919
### THE HONORABLE SAMUEL DER-YEGHIAYAN, DISTRICT JUDGE

---

**OPENING BRIEF OF PLAINTIFF-APPELLANT SEAN REEVES**

---

Arthur S. Gold
Gold & Associates, Ltd.
11 S. LaSalle Street
Suite 2402
Chicago, IL 60603
(312) 372-0777
asg@gcjustice.com

**ORAL ARGUMENT REQUESTED**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:13-3782
Short Caption:  Reeves v. Jewel Food Companies

(1)    The full name of every party that the attorney represents in the case (if the party is a
       corporation, you must provide the corporate disclosure information required by Fed. R.
       App. P. 26.1 by completing item #3):
                       **Sean Reeves, by his parents and next best friends, John Reeves and
                       Diana Reeves, Court appointed Guardians of a Disabled Person**

(2)    The names of all law firms whose partners or associates have appeared for the party in
       the case (including proceedings in the district court or before an administrative agency)
       or are expected to appear for the party in this court:
                       **Arthur S. Gold of Gold & Associates, LTD**

(3)    If the party or amicus is a corporation:
       i)       Identify all its parent corporations, if any:
                       **Albertsons, LLC (parent corporation)**

       ii)      List any publicly held company that owns 10% or more of the party's or amicus'
                stock:
                       **N/A**

Attorney's Signature:s/ Arthur S. Gold                       Date: February 24, 2014

Attorney's Printed Name: Arthur S. Gold

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d):**Yes.**

Address: 11 S. LaSalle Street, Suite 2402, Chicago, Illinois 60603

Phone Number: (312) 372-0777                       Fax Number: (312) 372-0778

E-Mail Address: asg@gcjustice.com

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY
      JUDGMENT AS IT RELIED ON A SUPPOSED ABSENCE OF A
      REASONABLE ACCOMMODATION CLAIM.. . . . . . . . . . . . . . . . . 4

      A.    Sean's Complaint Adequately Stated, And Therefore
            Gave Fair Notice To Jewel, Of Its Intent To Pursue A
            Failure To Accommodate Claim.. . . . . . . . . . . . . . . . . . . . . . . 4

      B.    The Contents Of Sean's EEOC File, Alone, Trumps
            The Precedential Support Cited By The District Court.. . . . . . 7

      C.    The District Court Further Erred Because Jewel's
            Filing A Motion for Summary Judgment Rather Than
            Moving To Dismiss Sean's Complaint Dooms Summary
            Judgment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.   THIS COURT'S PRECEDENT FAVORS REVERSAL OF THE
      DISTRICT COURT'S GRANT OF SUMMARY JUDGMENT
      TO JEWEL ON SEAN'S REASONABLE ACCOMMODATION
      CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . 10

      A.    Mrs. Reeves' March 2005 Request For Sean Reeves To
            Be Permitted To Utilize The Services Of A Job Coach
            Constituted A Request For A Reasonable Accommodation;
            And Jewel's Out-Of-Hand Dismissal of Mrs. Reeves'
            Request Constituted A Failure To Meet Its Burden To
            Participate In The Interactive Process.. . . . . . . . . . . . . . . . . . 11

      B.    The District Court Erred By (i) Holding That
            The Opinion Of Job Coach, Jennifer Marks
            Would Not Have Been Admissible To Prove

**The Effectiveness Of A Job Coach; And (ii)
Failing To Consider Other Evidence Put Forth
By Sean To Demonstrate That A Job Coach
Would Have Been Effective In Preventing The
Behavior Which Led To dismissal.**. . . . . . . . . . . . . . . . . . . . . . .  15

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**CIRCUIT RULE 32 CERTIFICATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

**CIRCUIT RULE 30(d) CERTIFICATION** . . . . . . . . . . . . . . . . . . . . . . . .  19

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

# TABLE OF AUTHORITIES

*Cases:*

*Ammons v. Aramark Unif.Servs. Inc.,*
    368 F.3d 809, 816 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 248 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Atl Marine Const. Co., Inc., v. U.S. Dist. Curt for W. Dist of Texas,*
    134 S. Ct. 568, 580 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Beck v. Univ. of Wisconsin Bd. Of Regents,*
    75 F.3d 1130, 1135 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 545 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bultemeyer v. Fort Wayne Cmty. Sch.,*
    100 F.3d 1281, 1285 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12,13

*Daubert,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16

*Foster v. Arthur Andersen,*
    168 F.3d 1029, 1032 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Green v. National Steel Corp., Midwest Div.,*
    197 F.3d 894, 898 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Hedberg v. Indiana Bel Tel. Co., Inc.,*
    47 F.3d 928, 931 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hunt-Golliday v. Metropolitan Water Reclamation*
 *District of Greater Chicago, I*
    104 F.3d 1004, 1012 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Marr v. Bank of Am., N.A.,I*
    662 F.3d 963, 966 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Reales v. Consol. Rail Corp,*
    84 F.3d 993, 997 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Redd v. Nolan,*
    663 F.3d 287, 299 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rogers v. Yellow Freight Systems, Inc.,*
    21 F.3d 146, 149 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Spurling v. C & M Fine Pack, Inc.,*
    739 F.3d 1055, 1061-62 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stollings. V. Ryobi Technologies, Inc.,*
    725 F.3d 753, 765 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp,*
    223 F.3d 585 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Zelinski v. Columbia, 300 Inc.,*
    335 F.3d 633, 640 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Statutes:**

28 U.S.C. 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. § 12201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Secondary Authorities:**

Policy Guidance on Executive Order 13164 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11,14
Americans with Disability Act: Practice & Compliance Manual § 7:173 . . . . . . . . 15

## STATEMENT OF JURISDICTION

The United States District Court for the Northern District of Illinois had subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.Because this case arose under the laws of the United States, namely, the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. § 12201, the District Court was presented with a federal question, giving it subject matter jurisdiction.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1291, which states "[t]he courts of appeals… shall have jurisdiction of appeals from all final decisions of the district courts of the United States."  On November 15, 2013, a final judgment was handed down by the United States District Court for the Northern District of Illinois in a Memorandum Opinion and Order issued by the Honorable Judge Samuel Der-Yeghiayan.  Notice of appeal from the aforementioned order was timely filed on December 12, 2013 [*See* App. 004] (within 30-days of the final judgment), satisfying the requirement articulated in Fed. R. App. P. 4.

## ISSUES PRESENTED FOR REVIEW

1. Whether, at the Summary Judgment stage, the District Court should have considered Plaintiff-Appellant's claim that Defendant-Appellee failed to reasonably accommodate Plaintiff-Appellant in violation of the ADA to have been sufficiently alleged.

2. Whether the District Court erred – particularly in light of this Court's decisions – (1) in holding that there was no genuine issue of material fact as to whether a reasonable accommodation was requested and denied; and (2)in holding that there was no

1

sufficientevidentiary showing as to the effectiveness of the requested accommodation, the

absence of which entitled Defendant-Appellee to judgment as a matter of law.

## STATEMENT OF THE CASE

Plaintiff, Sean Reeves ("Sean") was born with Down Syndrome – an outwardly-visible

disability.  Sean became an employee of Defendant Jewel Food Companies ("Jewel") in June of

1997.  Sean's disability is undisputed. [R. at 393-94].  It is also undisputed that Jewel had

knowledge of Sean's disability.  [*Id.*].  In March 2005, Sean was written up for mistakenly taking

an American flag pin from a basket of pins that were for sale.  [R. at 164].  After being informed

of the incident, Sean's mother, Diana Reeves met with Sean's supervisors and proposed that he

re-utilize the services of a Job Coach to correct any potentially problematic behavior issues. [*Id.*].

Unfortunately, his supervisors dismissed this proposal as unnecessary and did not take any steps

to inquire into whether an alternative accommodation would have helped.  [*Id.*].  After being

employed by Jewel for eight years, he was terminated in April of 2005 for using inappropriate

language on the floor of the store in which he was employed.  [R. at 26].

Towards the beginning of his employment, Sean utilized the services of Job Coach in

order to adjust to his new responsibilities.  During the time Sean was working with a Job Coach,

there were no incidents of the type which gave rise to his termination.

Alleging that he was unfairly discriminated against and denied the accommodation of a

Job Coach by his employer, Plaintiff filed a charge with the Equal Employment Opportunity

Commission (EEOC) in November of 2005.  Sean received a determination letter from the

EEOC in July of 2010, stating "the evidence obtained in the investigation establishes reasonable

cause to believe that [Jewel] has engaged in a pattern and practice of denying reasonable

accommodations to a class of disabled employees." [App. 001].Sean received a Notice of Right

to Sue from the EEOC on May 31, 2012. [App. 003]. On August 28, 2012 – within 90 days of

the EEOC Notice of Right to Sue – Sean filed a Complaint against Jewel in the United States

District Court for the Northern District of Illinois.  [R. at 1-4]. On September 30, 2013, Jewel

filed a motion for summary judgment, which was granted by the District Court in a

Memorandum Opinion issued on November 15, 2013.  [R. at 389].  Sean filed a timely Notice of

Appeal with this Court on December 12, 2013.  [App. 004].

## STANDARD OF REVIEW

A district court's granting of a motion for summary judgment is reviewed *de novo* by the

Circuit courts of appeals.  The question the Circuit Court of Appeals asks is "whether, if the

record of the summary judgment proceeding were the record of a trial, a reasonable factfinder,

whether judge or jury, could find in favor of the party opposing the motion."  *Reales v. Consol.*

*Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996); *see also* *Marr v. Bank of Am., N.A.*, 662 F.3d 963,

966 (7th Cir. 2011) ("The standard of review from a grant of summary judgment is well known,

but it is worth emphasizing that the non-moving party does not bear the burden of proving his

case; the opponent of summary judgment need only point to evidence that can be put in an

admissible form at trial, and that, if believed by the fact-finder, could support judgment in his

favor. Our role, applying what is usually called *de novo* review, is to see if the opponent has

identified such evidence in the record; in so doing, we draw all reasonable inferences and view

all facts in favor of the non-moving party.").  Only when it can be said that "no reasonable jury

could find for the party opposing the motion," must the motion be granted. *Hedberg v. Indiana*

*Bell Tel. Co., Inc.*, 47 F.3d 928, 931 (7th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986) and *Roger v. Yellow Freight Systems*, Inc., 21 F.3d 146, 149 (7th

Cir.1994)).

3

**SUMMARY OF ARGUMENT**

The District Court erred in granting summary judgment as it relied on a supposed absence of a reasonable accommodation claim.  But the Complaint, the EEOC charge, and Jewel's response to them throughout this litigation clearly indicate that Jewel had notice of the reasonable accommodation claim and the grounds upon which it rested.  Moreover, the District Court did not give Sean the opportunity to address the Complaint's sufficiency as no 12(b)(6) motion was filed by Jewel.

Next, to the extent the District Court did analyze the merits of Sean's reasonable accommodation claim, its findings of law were inconsistent with this Court's precedent.  The District Court's analysis as to the interactive process improperly raised the bar on Sean's failure to accommodate claim higher than that set by the caselaw, as well as the federal regulations and guidelines.

The District Court also erred in holding that Sean failed to allege facts as to the effectiveness of the requested accommodation, by ruling that Sean's expert would not be allowed to testify, and assuming that the expert's testimony was the only way for Sean to illustrate the effectiveness of the requested accommodation.

**ARGUMENT**

**I.  THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGEMENT AS IT RELIED ON A SUPPOSED ABSENCE OF A REASONABLE ACCOMMODATION CLAIM.**

**A.  Sean's Complaint Adequately Stated, And Therefore Gave Fair Notice To Jewel, Of, Its Intent To Pursue AFailure To Accommodate' Claim.**

It is well-established that the purpose of pleading standards applicable to civil complaints is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Moreover, "pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8.

In this case, Jewel had more than fair notice of the claim and the grounds upon which it rested, as indicated by (a) Sean's Complaint; (b) the questions asked by Jewel during the depositions of Mr. and Mrs. Reeves and Ms. Jennifer Marks [*See* R. at 164, 190, 307]; (c) Jewel's choice to extensively brief its defense to a reasonable accommodation claim in its motion for summary judgment, which included references tothe discovery process it initiated; and(d) Jewel's Rule 26.1 disclosures wherein it referencedSean's parents' conversations with Jewel management regarding Sean's conduct as an employee – including the conversation during which the accommodation of a job coach was requested and denied.

### *Plaintiff's Complaint gives adequate notice of his reasonable accommodation claim.*

First, Sean's Complaint makes several statutory references which encompass claims for failure to accommodate.  [R. at 1-4].  In the section titled "Jurisdiction," the Complaint alleges that the action arose "under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12,201."  [R. at 1].  Subsection (h) of § 12,201 is titled "Reasonable Accommodations and Modifications."  42 U.S.C. § 12201(h).

Secondly, the Jurisdiction section of the Complaint also states that the action was brought pursuant to "42 U.S.C. § 12,117(a)."  [R. at 1].  That particular section of the statute reads in part: "The powers, remedies, and procedures set forth in" [certain sections of the title] "shall be the powers, remedies, and procedures this subchapter provides to...any person alleging discrimination on the basis of disability in violation of ***any provision of this chapter***." 42 U.S.C. § 12117(a) (emphasis added).  The requirement that reasonable accommodations be provided is set forth within the same chapter as § 12117(a).  *See* 42 U.S.C. 12112(5)(A).

5

Third, and lastly, ¶ 20 of the Complaint clearly gives adequate notice that the nature of Plaintiff's claims includes Jewel's failure to accommodate Sean Reeves.  [R. at 4].  Paragraph 20 states in part:

> Defendant acted with malice or with reckless indifference toward Plaintiff's federally protected rights and discriminated against him, as a qualified individual with a disability…

[R. at 4].  Among the "federally protected rights" referenced in ¶ 20 of the Complaint is the right to a reasonable accommodation upon a request to an employer such as Jewel.  This is made clear by the ADA's section on construction of the term "discriminate against a qualified individual on the basis of disability":

> (b) Construction
> As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes-- (5)(A) *not making reasonable accommodations* to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112 (emphasis added).

***Jewel's use of discovery process clearly indicates it had adequate notice of the nature of Sean's claims.***

Jewel's attorneys initiated depositions which clearly indicatedit knew it was defending a reasonable accommodation claim.  Forexample, at the depositions of both Mr. and Mrs. Reeves, Jewel heavily focused on the interaction between Mrs. Reeves and Sean's bosses, during which Mrs. Reeves asked that Sean be allowed to work with a Job Coach again.  [*See* R. at 164, 190].

***Jewel's notice of Sean's reasonable accommodation claim is further evidenced by its motion for summary judgment.***

Indeed, Jewel's motion for summary judgment is almost entirely dedicated to Sean's reasonable accommodation claim.  Moreover, the District Court erred when it mischaracterized

6

Jewel's argument that Sean's Complaint foreclosed a theory of failure to accommodate. As Jewel's summary judgment motion made clear, it argued that Plaintiff's Complaint foreclosed such a theory, *not* because the words "reasonable accommodation" did not appear in the Complaint, but rather because of the allegation in ¶ 8 of the Complaint under the section titled "Parties" which alleged that Plaintiff could perform "*the essential functions of a bagger at Jewel without any reasonable accommodations.*" As clearly stated in Sean's Response to Jewel's motion for summary judgment [R. at 357], that statement meant merely that Sean was capable of bagging groceries without help. That allegation does not foreclose the need for a Job Coach to help Sean with his social interaction.

Saliently, Jewel's summary judgment motion did *not* argue that it was prejudiced in any way by having to rebut a reasonable accommodation claim. Nor did Jewel assert that the District Court should affectively dismiss any reasonable accommodation claim to the extent that one existed. Instead, Jewel's summary judgment motion makes clear that it knew full well (from the EEOC proceedings, the Complaint, and the discovery process) that the nature of Plaintiff's Complaint encompassed a claim for failure to accommodate.

**B. The Contents Of Sean's EEOC File, Alone, Trumps Precedential The Support Cited By The District Court.**

In characterizing Plaintiff's reasonable accommodation claim as absent and holding that such absence foreclosed Plaintiff "from pursuing such a claim" at the summary judgment stage, the District Court cited to *Green v. National Steel Corp., Midwest Div.* for the proposition that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA." [R. at392] (citing to 197 F.3d 894, 898 (7th Cir. 1999)). However, this Court's statement upon which the District Court's opinion relies is based on a D.C. Circuit case which barred a failure to accommodate claim where plaintiff filed an EEOC charge alleging

failure to promote *based on a disability but made no mention of a failure to accommodate*. *Green*, 197 F.3d at 898.  Indeed, the holding in *Green* was *not* based on the plaintiff's failure to explicitly use the words "reasonable accommodation" in her complaint, but rather was based entirely on this Court's prior holdings that "a plaintiff is barred from raising a claim in the district court *that had not been raised **in his or her EEOC charge*** unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised."  *Green*, 197 F.3d at 898.

As such, *Green* is inapplicable because the EEOC's determination letter (which was served on the Defendant) states as follows:

> [T]he evidence obtained in the investigation establishes reasonable cause to believe [Jewel] has engaged in a pattern and practice of ***denying reasonable accommodations*** to a class of disabled employees, including the Charging Party, on the basis of disability, in violation of the ADA.

[App. 001] (emphasis added). Further evidencing the presence of a failure to accommodate claim in the EEOC charge are: (a) the notes of the EEOC investigator who, on 11/8/05 wrote "Dad says that [within] the past year [Jewel] has not been interested in dealing with a Job Coach and has told Dad that Job Coach is not needed;" and (b) the Charge Questionnaire in which John Reeves, Sean's father wrote that he felt the action taken against Sean was discriminatory because there was "no notifying of job coach."  [*See* App. 006].Moreover, the *Green* court came to its conclusion in part because it reasoned that "one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability."  *Green*, 197 F.3d at 898.  But, as the EEOC's Determination Letter makes quite clear, Jewel had every reason to expect a failure to accommodate claim to develop because, that's exactly what happened.[App. 001].

8

Additionally, the absence of the words "reasonable accommodation" in the Complaint is also explainable by the EEOC's Determination Letter [App. 001], which states "the evidence obtained in the investigation establishes reasonable cause to believe that [Jewel] discriminated against [Reeves] because of his disability in violation of the ADA, in that he was disciplined and discharged," which is nearly identical to the allegations in the Complaint.

**C. The District Court Further Erred Because Jewel's Filing A Motion For Summary Judgment Rather Than Moving To Dismiss Sean's Complaint Dooms Summary Judgment.**

The District Court cited to *Redd v. Nolan* to support its position that Reeves could not pursue his reasonable accommodation claim. [R. at 392] (citing663 F.3d 287, 299 (7th Cir. 2011)). However, unlike this case (which was decided on motion for summary judgment after completion of discovery), *Redd* was based on a 12(b)(6) motion to dismiss for failure to state a claim. *Redd,* 663 F.3d 287. Jewel, however, did not file a motion under Rule 12(b)(6). The parties did not brief the Rule's application to this case at any stage of this litigation. As such, the lower court could not consider it.*See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).

Rule 12(b) of the Federal Rules states, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required… But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The rule goes on to say "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed," and that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). However, a defense of "[f]ailure to state a claim upon which relief can be granted… may be raised:(A) in any pleading allowed or ordered

under Rule 7(a);(B) by a motion under Rule 12(c); or(C) at trial." Fed. R. Civ. P. 12(h)(2)(A)-(C).

Based on the plain language of the Rules as detailed above, it is significant that Jewel did not raise a failure to state a claim defense in any of the pleadings listed in Rule 7(a), nor by motion under Rule 12(c). First, even if this Court did consider Jewel's one-sentence quip (which, as was explained above, was taken out of context by the District Court) regarding the adequacy of Plaintiff's complaint as to a claim for reasonable accommodation in its motion for summary judgment[R. at 60].as sufficiently raising a 12(b)(6) defense, Rule 7(a) does not list a motion for summary judgment as one of the pleadings in which a failure to state a claim defense may be raised. Fed. R. Civ. P. 7(a). Secondly, Jewel did not file a Rule 12(c) motion for judgment on the pleadings. Jewel instead chose to proceed with discovery, and eventually (after discovery costs had been incurred by Plaintiff) filed a motion for summary judgment under Rule 56 of the Federal Rules, whose plain language makes no allowance for a movant to raise a failure to state a claim defense in such a motion, nor for a court to consider such a defense *suasponte* at the summary judgment stage. Fed. R. Civ. P. 56.

## II.    THIS COURT'S PRECEDENT FAVORS REVERSAL OF THE DISTRICT COURT'S GRANT OF SUMMARY JUDGEMENT TO JEWEL ON SEAN'S REASONABLE ACCOMMODATION CLAIM.

To state a prima facie case of an employer's "failure to accommodate" in violation of the ADA's prohibition of discrimination, a plaintiff must demonstrate that: (1) he was or is disabled; (2) the defendant employer was aware of his disability; and (3) the plaintiff was qualified for his job, i.e., that he could perform the job's essential functions with or without reasonable accommodation. *Foster v. Arthur Andersen*, 168 F.3d 1029, 1032 (7th Cir. 1999)."Once a disability has been summoned to the fore, determining what specific actions should be taken by

an employer requires an interactive process involving participation by both sides." *Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago,* 104 F.3d 1004, 1012 (7th Cir.1997).  The interactive process may require an employer to "help the other party determine what specific accommodations are necessary."  *Bultemeyer v. Fort Wayne Cmty. Sch.,* 100 F. 3d 1281, 1285 (7th Cir. 1996) (citing *Beck v. Univ. of Wisconsin Bd. Of Regents,* 75 F.3d 1130, 1135 (7th Cir. 1996)).

In this case, the District Court noted that it is undisputed that Sean Reeves is a "qualified individual with a disability and that Jewel was aware of his disability."  [R. at 394].  As such, this case turns on whether the parties met their respective burdens to participate in the interactive process, as well as on whether there was evidence to support the assertion that the requested accommodation (in this case, permission to utilize Job Coaching services) would have been effective in preventing the behavior cited by Jewel as the justification for its decision to terminate Sean Reeves.

> A. **Mrs. Reeves' March 2005 Request For Sean Reeves To Be Permitted To Utilize The Services Of A Job Coach Constituted A Request For A Reasonable Accommodation; And Jewel's Out-Of-Hand Dismissal of Mrs. Reeves' Request Constituted A Failure To Meet Its Burden To Participate In The Interactive Process.**

In finding that Sean did not meet his burden to participate in the interactive process as required by law, the District Court erroneously relied on its characterization of Mrs. Reeves' alleged request for a Job Coach as a mere "suggestion," and on Jewel's response as something other than "an outright refusal." [R. at 395].  Reliance on that kind of semantic distinction in order to reach the conclusion that Sean failed to meet his burden is misplaced in light of both this Court's precedent as well as the federal guidelines and regulations concerning this portion of the ADA. *See Bultemeyer,* 100 F.3d at 1285; *See also* *Policy Guidance on Executive Order 13164:*

11

*Establishing Procedures to Facilitate the Provision of Reasonable Accommodation*, 200 WL 33407185 (E.E.O.C. Guidance Oct. 20, 2000); and 29 C.F.R. § 1630.2(o)(3) (1995).

In *Bultemeyer*, this Court clearly stated that "[p]roperly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he or she must specifically say 'I want a reasonable accommodation.'" *Bultemeyer*, 100 F.3d at 1285. The District Court in this case held that Sean had the burden "to meet his employer halfway in the interactive process." [R. at 396]. That holding is inconsistent with this Court's decision in *Bultemeyer*, which states that "[t]he *employer* has to meet the *employee* half-way, and if it appears that the employee may need an accommodation but doesn't know how to ask for it, the *employer* should do what it can to help." *Id.* Dismissing Mrs. Reeves' request out-of-hand as "unnecessary" was certainly not helpful.

"[W]hile requesting a reasonable accommodation is the employee's responsibility," Jewel could not "place the whole burden of the interactive process" on the shoulders of Sean and his family. *Id.* at 1286. As Sean's employer, Jewel was required to "make a reasonable effort to determine the appropriate accommodation" after Mrs. Reeves' request and the incident which sparked it. *Id.* at 1285.According to the deposition of Mrs. Reeves, Jewel did not, in fact, make the required effort. [R. at 164].

The District Court's reasoning was also incongruous with this Court's opinion in *Spurling v. C & M Fine Pack, Inc.* – another case in which an employer was found to have failed to meet its burden to engage in the interactive process. 739 F.3d 1055, 1061-62 (7th Cir. 2014).In *Spurling*, this Court stated that when the employer became aware the plaintiff's disability, "it was incumbent upon them to determine, by engaging in an interactive process with [the plaintiff], whether a reasonable accommodation could be made." *Id.* at 1062. This Court went on to say

that the interactive process "entails working with the disabled individual to produce a reasonable solution if one is available." *Id.* It can hardly be said that by dismissing Mrs. Reeves' suggestion that Sean be allowed to work with a Job Coach again, Jewel fulfilled its obligations.

In determining which party caused the breakdown in the interactive process,

> courts should look for signs of failure to participate in good faith or failure by one of the parties to make reasonable efforts to help the other party determine what specific accommodations are necessary. A party that obstructs or delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith. In essence, courts should attempt to isolate the cause of the breakdown and then assign responsibility.

*Beck v. Univ. of Wisconsin Bd. of Regents,* 75 F.3d 1130, 1135 (7th Cir. 1996).Mrs. Reeves explicitly expressed her concern for her son's future at Jewel, and suggested, indeed *requested*, that he be allowed to utilize the services of a Job Coach in order to correct and avoid potentially problematic behavior. Jewel, on the other hand, responded with nothing more than a dismissal of the request because it didn't feel that a Job Coach was "necessary." This is all to say that the facts in this case indicate a clear effort on the part of Mrs. Reeves to make Jewel aware of a potential solution to the behavior which resulted in Sean being written up. By contrast, Jewel cannot evidence making any effort to engage with Mrs. Reeves' request beyond a "that's not necessary."

Further illustrating that Sean's burden was met are the guidelines and regulations relating to the ADA's implementation. For example, in *Bultemeyer*, this Court relied in part on 29 C.F.R. § 1630.2(o)(3) (1995):

> To determine the appropriate reasonable accommodation, *it may be necessary for the [employer] to initiate an informal interactive process with the qualified individual with a disability in need of the accommodation.*

*Bultemeyer*, 100 F.3d at 1286.

13

Moreover, the federal guidelines on the provision of reasonable accommodations states that "[t]he Rehabilitation Act requires that individuals be given substantial leeway in the ways in which they can make requests for reasonable accommodation. *Policy Guidance on Executive Order 13164: Establishing Procedures to Facilitate the Provision of Reasonable Accommodation*, 2000 WL 33407185 (E.E.O.C. Guidance Oct. 20, 2000). In particular, consider the following excerpt from those same guidelines:

> **May an agency require that individuals with disabilities use particular words to request a reasonable accommodation?**
> No. A request for accommodation is a statement that an individual needs an adjustment or a change at work or in the application process for a reason related to a medical condition. Agencies may not require, for example, that individuals mention the Rehabilitation Act or use the phrase "reasonable accommodation." The agency's procedures should make this point clear.
>
> EXAMPLE – Michelle tells her supervisor, "I'm having trouble getting to work at my scheduled starting time because of the anti-depressants I take." *This is a request for reasonable accommodation*. Whether or not Michelle is ultimately entitled to an accommodation, *the agency must start to consider the request.*

*Id.* (italics added). In light of the above example, when Mrs. Reeves told Sean's bosses that he might benefit from utilizing the services of a Job Coach in response to his being written up – which was more than a mere "I'm having trouble getting to work at my scheduled time" – she requested a reasonable accommodation. *Id.* Consider also the ADA Practice & Compliance Manual:

> The law does not require any "magic words" to notify an employer that an employee needs an accommodation under Title I of the Americans with Disabilities Act (ADA), *and circumstances will sometimes require the employer to meet the employee half-way, if it appears that the employee may need an accommodation but doesn't know how to ask for it.An employee is not required to request a specific accommodation, so long as the employee's request makes it clear to the employer that the employee wants assistance for the disability.*

14

82 *Americans with Disability Act: Practice & Compliance Manual* § 7:173.  Despite the fact that she was not required to do so, Mrs. Reeves clearly suggested a specific accommodation, thus meeting her burden to participate in the interactive process.

**B.  The District Court Erred By (i) Holding That The Opinion Of Job Coach, Jennifer Marks Would Not Have Been Admissible To Prove The Effectiveness Of A Job Coach; And (ii) Failing To Consider Other Evidence Put Forth By Sean To Demonstrate That A Job Coach Would Have Been Effective In Preventing The Behavior Which Led To dismissal.**

In one simple sentence, the District Court held that Sean did not establish that the opinion of Jennifer Marks, an experienced Job Coach, would have been admissible.  [R. at 395].  "This Court's review of a district court's decision concerning expert witnesses has two parts. First, this Court must determine whether the district court properly followed the framework set forth in *Daubert*."*Ammons v. Aramark Unif.Servs., Inc.,* 368 F.3d 809, 816 (7th Cir. 2004).  The framework set forth in *Daubert* "requires the district court to determine whether (1) the proposed witness would testify to valid scientific, technical, or other specialized knowledge and (2) his testimony will assist the trier of fact."*Id.* (internal citation and quotations omitted).  The second prong evaluates the testimony's relevance.*Id.*Whether a district court has properly followed the *Daubert* framework is subject to *de novo* review. *Id.*  However, in this case, the District Court did not seem to follow any framework in coming to its conclusion.  [R. at 395].

"In determining whether evidence is reliable, 'the district judge must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusions is reliable.'"*Ammons*, 368 F.3d at 816 (quoting *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 640 (7th Cir.2003)).  Moreover, "*[a]nyone* with relevant expertise enabling [her] to offer responsible opinion testimony helpful to a judge or jury may qualify as an expert witness." *Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000).  As this

Court has made clear, "[t]he principle of *Daubert* is merely that if an expert witness is to offer an opinion based on science, it must be real science, not junk science." *Id.* In this case, Ms. Marks' opinion was based not on science, but on a determination that was well within her competence as an experienced Job Coach with knowledge of Sean's condition. *Id.*

An expert witness is not required to be an academic or a PhD. *Id.* Here, Plaintiff's expert is a Job Coach with 13 years of experience working with mentally disabled clients, including Sean. In addition, the Federal Rules do not require that expert testimony be scientific (natural or social) in character. *Id.* As Ms. Marks' opinion is based on specialized knowledge gleaned from her extensive experience as a Job Coach working with clients similarly situated to Sean, it can hardly be disputed that her opinion as to the effectiveness of a Job Coach would be admissible. As this Court has stated:

> The District Court is responsible for acting as a gatekeeper to ensure that all admitted expert testimony satisfies the Rule's reliability and relevance requirements. But the District Court's role as gatekeeper does not render the District Court the trier of all facts relating to expert testimony…*The jury must still be allowed to play its essential role as the arbiter of the weight and credibility of expert testimony.*

*Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 765 (7th Cir. 2013).

Based on the above, the District Court should have allowed a jury to hear the testimony of Jennifer Marks which was based on her extensive experience, and was therefore not unreliable.

**The District Court ignored other valid evidence that a Job Coach would have been an effective accommodation.**

In its Motion for Summary Judgment, Jewel conceded that Sean Reeves was assisted by a Job Coach at the beginning of his employment. Sean's employment record is silent as to the occurrence of any incidents of the type which allegedly gave rise to his termination during and for a significant period of time after the period during which the Job Coach was utilized. This is

to say that there was empirical evidence before the District Court upon which to determine that a Job Coach would have been an effective accommodation.  Moreover, the Declaration of Jewel's Service Manager and Sean's boss, Catherine Ray, illustrates Sean's receptiveness to coaching. [R. at214].  In her Declaration, Ms. Ray indicated that on multiple occasions, she was able to sense "when Sean was close to losing his temper," and "would talk with him to help him calm down, and talk with him about how to respond appropriately to customers."  [*Id.*].

The lack of incident during the period in which Sean utilized Job Coaching services, coupled with the fact that an untrained service manager was able to help Sean control his behavior should be found to favor reversal of the District Court's grant of summary judgment.

## CONCLUSION

Based on the foregoing, Plaintiff-Appellant respectfully requests that this Court reverse the District Court's grant of summary judgment and remand this case for a full trial on the merits.

Respectfully submitted,

  /s/ Arthur S. Gold

Attorney for Plaintiffs

Gold & Associates, Ltd.
11 S. LaSalle Street
Suite 2402
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 *facsimile*
Atty # 05231

## CIRCUIT RULE 32 CERTIFICATION

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), as this brief contains less than 14,000 words, and does not exceed 30 pages in length.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), as well as the type style requirements of Fed. R. App. P. 32(a)(6), as the text of this brief is in Times New Roman, 12-point font.

Dated:  February 24, 2014

  /s/ Arthur S. Gold
Arthur S. Gold
Law Offices of Gold & Associates Ltd.
11 S. LaSalle Street, Suite 2402
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 *fascimile*

## CIRCUIT RULE 30(d) CERTIFICATION

Pursuant to Circuit Rule 30(d), the undersigned counsel certifies that all materials required by Circuit Rule 30(a) and 30(b) are included in the appendix.

Dated:  February 24, 2014

<div style="margin-left:40%">

  /s/ Arthur S. Gold          
Arthur S. Gold
Law Offices of Gold & Associates Ltd.
11 S. LaSalle Street, Suite 2402
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 *fascimile*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2014, I electronically filed the foregoing with theClerk of the Court for the United States Court of Appeals for the Seventh Circuit by usingthe CM/ECF system. I certify that all participants in the case are registered CM/ECF usersand that service will be accomplished by the CM/ECF system. I further certify that I havemailed the foregoing document by Electronic Mail to the following counsel for Defendant-Appellee:

| Counsel | Email Address |
|---|---|
| Michael A. Warner, Jr. | maw@franczek.com |
| Gwendolyn B. Morales | gbm@franczek.com |

  /s/ Arthur S. Gold
Arthur S. Gold
Law Offices of Gold & Associates Ltd.
11 S. LaSalle Street, Suite 2402
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 *fascimile*